# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY SMITH, | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CREDIT ACCEPTANCE CORPORATION, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

LARRY SMITH ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ACCEPTANCE CORPORATION ("DEFENDANT"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA).

## **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Clarks Summit, Pennsylvania 18411.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at 25505 West 12 Mile Road, Suite 3000, Southfield, Michigan 48034.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.  Plaintiff has a cellular telephone number that he has had for at least two years.

13.  Plaintiff has only used this number as a cellular telephone number.

14.  By way of background, Defendant began contacting Plaintiff in 2014 on his cellular telephone.

15.  Desiring to stop the calls, Plaintiff spoke with Defendant when the calls first began in 2014 and revoked any consent that may have been given to Defendant to call his cellular telephone number.

16.  However, these calls continued, and between August 2015 and August 2016, Defendant placed repeated harassing telephone calls to Plaintiff on his cellular telephone in their attempts to collect an alleged debt.

17.  As Defendant knew its calls were unwanted, there was no lawful purpose to continue calling Plaintiff during this time period, nor was there any good faith reason to place calls.

18. When contacting Plaintiff on his cellular telephone during this time, Defendant used an automatic telephone dialing system.

19. The automated calls begin with a pre-recorded voice: "Please hold" before calls were transferred to live agents.

20. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an alleged balance due on his auto loan.

21. Finally, in order to get the calls to stop, Plaintiff had no other option but to block calls from their numbers using a blocking application.

## COUNT I
## DEFENDANT VIOLATED §1692d and §1692d(5) OF THE FDCPA

22. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone, often multiple calls per day even though Plaintiff repeatedly requested their calls to stop.

# COUNT II
# DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for emergency purposes.

28. Defendant's calls to Plaintiff after his revocation in 2014 were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, LARRY SMITH, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

    d.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    h.    Any other relief deemed appropriate by this Honorable Court.

# **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LARRY SMITH, demands a jury trial in this case.

Respectfully submitted,

Dated: August 12, 2016   By:   /s/ Amy L. Bennecoff Ginsburg, Esq.
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com